IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KHADIR IZAAH AMIR : WISDOM, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-1437-CFC |
| | : |
| DISCOVER FINANCIAL SERVICES, et al., | : |
| | : |
| Defendants. | : |

Khadir Izaah Amir : Wisdom, Springfield, NY.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 7, 2023
Wilmington, Delaware

*[signature]*
**CONNOLLY, Chief Judge:**

Plaintiff Khadir Izaah Amir : Wisdom, III appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) He commenced this action on October 31, 2022, naming as Defendants Discover Financial Services ("Discover") and the Corporation Trust Company ("CTC"). (D.I. 2) The Amended Complaint is the operative pleading. (D.I. 8) The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff's allegations, as best that this Court is able to discern them from the Amended Complaint, are assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiff essentially alleges that he entered into some undefined financial loan agreement with Discover, and later sought to rescind transactions under the agreement pursuant to various federal statutes. Plaintiff further alleges that Discover and CTC, apparently as Discover's registered agent, were unresponsive to his requests to rescind the transactions.

Plaintiff asserts a claim for fraudulent misrepresentation, as well as claims for violations of the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA"). For relief, Plaintiff requests $14,000 in damages as well the apparent forgiveness of any amounts he still owes Discover.

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling

on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show"

that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff's Amended Complaint, even when viewed in the light most favorable to him, is frivolous and fails to state a claim for relief. The Court's experience and common sense lead it to the conclusion that the allegations, to the extent that they can be understood, are legally and factually frivolous. In other words, they "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). As pled, there is no legal basis for Plaintiff's claim against either Defendant. Similarly, the Court concludes that Plaintiff's largely unintelligible allegations are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 67.

Additionally, the Court notes that on the same day Plaintiff filed this case, he filed two nearly identical complaints in this Court against other financial institutions. *See Wisdom v. Synchrony Financial*, No. 22-cv-1436-CFC and

4

*Wisdom v. JP Morgan Chase & Co.*, No. 22-cv-1438-CFC. Taken together, Plaintiff's assertions that three separate financial institutions engaged in identical financial malfeasance against him further underlines the frivolity of his claims.

Accordingly, the Amended Complaint will be dismissed as frivolous and for failure to state a claim. The Court finds amendment futile.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The Court will issue an Order consistent with this Memorandum Opinion.